**FILED**

**NOVEMBER 8, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**07 C 6361**

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, and FRANCISCO GUZMAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually, | ) ) ) |
| Defendants. | ) ) |

**JUDGE FILIP
MAGISTRATE JUDGE NOLAN**

**LI**

Case No.

Judge

**COMPLAINT**

Plaintiffs Ramon Alvarado, Javier Alvarado, Ricardo Alvarado, Jaime Banuelos, Arturo Banuelos, Ruben Banuelos, Ignacio Javian, Jose Larios, Pedro Castro, Abel Castro, Taurino Guzman, Henry Martinez, Lucio Polanco, Sergio Polanco, Juan Polanco, Fernando Castro, Horacio Castro, Erick Ramirez, Jose Valdez, Antonio Guzman, and Francisco Guzman, through their attorneys, for their Complaint against Defendants Corporate Cleaning Service, Inc. and Neal Zucker state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs. Plaintiffs worked in excess of forty (40)

hours in individual work weeks for Defendants but were not paid at a rate of one and a half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their earned and living wages.

**THE PARTIES**

2.    Plaintiffs currently reside in and are domiciled within this judicial district. At all material times hereto, Plaintiffs were employed by Defendants within this judicial district. Defendants' principal place of business is in this judicial district.

3.    At all relevant times herein, Plaintiffs were employed by Defendants as "employee(s)" as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d).

4.    At all relevant times herein, Defendants have been Plaintiffs' "employer(s)" as that term is defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

5.    Defendant Corporate Cleaning Services, Inc. is an Illinois corporation and is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

6.    Defendant Corporate Cleaning Services, Inc.'s annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax in the years 2004, 2005, 2006 and 2007.

7.    Defendant Neal Zucker is involved in the day to day business operation of Defendant Corporate Cleaning Services, Inc. Defendant Neal Zucker has the authority to hire

and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

**JURISDICTION AND VENUE**

8.    This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 8.

9.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs for all time they worked over forty hours in individual work weeks.

10.    During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

11.    During the course of their employment by Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours per week. For example, see Plaintiff Fernando Castro's paycheck stub for the individual work week ending August 13, 2007, attached hereto as Exhibit A, showing that Plaintiff Fernando Castro worked seventy hours in that individual work week.

12.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in

3

individual workweeks.

13.    Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of forty (40) hours in individual workweeks.

14.    In one scheme Defendants used to deny Plaintiffs their overtime wages, Defendants issued Plaintiffs a paycheck that compensated Plaintiffs for all time they worked in an individual work week, including time they worked in excess of forty (40) hours per week, at their regular hourly rate of pay. For example, Plaintiff Fernando Castro worked seventy hours in the individual work ending August 13, 2007, and he was paid his regular hourly rate of $16.60 for all time he worked, including all the overtime hours he worked in that individual work week. See Exhibit A.

15.    In a second scheme, Defendants issued checks to Plaintiffs with a fictitiously low number of hours worked, but which falsely stated that overtime wages were paid.  The sum of the "regular" and "overtime pay" in such checks equaled the amount of pay Plaintiffs earned if all hours they worked had been paid at their regular hourly rate of pay. For example, Plaintiff Jaime Banuelos worked seventy-three hours for Defendants in the individual work week ending October 8, 2007.  See the time report for Plaintiff Jaime Banuelos for the work week ending October 8, 2007, attached hereto as Exhibit B.  Plaintiff Jaime Banuelos was paid his regular hourly rate of $16.60 for all time he worked in that work week, including the thirty-three hours of overtime he worked. Compare Plaintiff Jaime Banuelos' paycheck stub for the work week ending October 8, 2007 (attached as Exhibit C), where Defendants fictitiously indicate that Plaintiff Jaime Banuelos worked sixty-two hours and was paid for twenty-two hours of overtime, with Exhibit B, showing that Plaintiff Banuelos actually worked seventy-three (73) hours during

4

that individual work week. Although Defendants falsely indicate that they paid Plaintiff Jaime Banuelos for 40 hours at his regular rate of $16.60 an hour and for 22 hours at an overtime rate of $24.90 an hour, or a total of $1,211.80 in that work week [(40 hrs * $16.60) + (22 hrs * $24.90) = $1,211.80] (see Exhibit C), in reality, Defendants paid Plaintiff for the seventy-three hours of work he performed in that work week all at his regular rate of $16.60 an hour (73 hrs * $16.60 = $1,211.80).

16.    Defendants' failure and refusal to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

17.    Defendants' failure and refusal to pay Plaintiffs overtime wages for all time they worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

18.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for time they worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs' regular hourly rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 18 of this Complaint.

19.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

20.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

21.    At all relevant times herein, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

22.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

23.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours per week.

24.    Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs' regular hourly rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

Dated:  November 8, 2007

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# EXHIBIT A

**3W1 1**      1 01 6103          3W1

CORPORATE CLEANING SERVICE INC
21 WEST ELM  SUITE #9
CHICAGO, IL 60610-0000

## Earnings Statement

EASY PAY

Pay Period:    8/07/2007  to  8/13/2007

Pay Date:      8/16/2007

Employee Number:       6103
Department Number:     01
Social Security Number:  XXX-XX-████
Marital Status:        MARRIED
Number Of Allowances:  04
Rate:                  16.6000

**FERNANDO CASTRO**
1508 S. 59TH AVENUE
CICERO, IL 60804

| Hours and Earnings | | | |
|---|---|---|---|
| Description | Hours | This Period | Year-To-Date |
| REGLAR | | | 7992.90 |
| VACTON | | | 1328.00 |
| B-DAY | | | 132.80 |
| BACKPY | | | 902.72 |
| HOLDAY | | | 398.40 |
| REG | 70.00 | 1162.00 | 21455.50 |

| Taxes and Deductions | | |
|---|---|---|
| Description | This Period | Year-To-Date |
| FICA | 88.89 | 2464.09 |
| FED WT | 97.23 | 2418.98 |
| IL  ST | 30.24 | 813.97 |
| INS | 103.10 | |
| UNION | 12.05 | |

©1998, 2006, ADP, Inc. All Rights Reserved.

TEAR HERE

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $32,210.32 | $1,162.00 | $331.51 | $830.49 |

# EXHIBIT B

## CORPORATE CLEANING SERVICES

# Time Entered Report - By Name and Payroll Date

12-Oct-07

Payroll Dates between: 10/5/2007 and 10/10/2007

| PayrollDate | Employee | Inits | First Name | Last Name | W.O. No. | Client Code | Task ID | Task Description | Hours | Dollars |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/8/2007 | 16 | JAB | JAIME | BANUELOS | 76586 | 333 East Ontario S | 1 | Wash exterior wall windows of both towers, outsi | 60.00 | $0.00 |
| | | | JAIME | BANUELOS | 76798 | McCormick Lakesi | 9 | Terrace/Level 3: South wall inside. | 10.00 | $0.00 |
| | | | JAIME | BANUELOS | 76820 | McCormick South | 54 | Connecting bridge, skytop, outside. | 3.00 | $0.00 |
| | | | | | | | | Total for Payroll Date | 10/8/2007 | 73.00 | $0.00 |
| | | | | | | | | Total for Employee No. | 16 | 73.00 | $0.00 |
| 10/8/2007 | 52 | ARTB | ARTURO | BANUELOS | 76586 | 333 East Ontario S | 1 | Wash exterior wall windows of both towers, outsi | 60.00 | $0.00 |
| | | | ARTURO | BANUELOS | 76798 | McCormick Lakesi | 9 | Terrace/Level 3: South wall inside. | 9.00 | $0.00 |
| | | | ARTURO | BANUELOS | 76820 | McCormick South | 54 | Connecting bridge, skytop, outside. | 3.00 | $0.00 |
| | | | | | | | | Total for Payroll Date | 10/8/2007 | 72.00 | $0.00 |
| | | | | | | | | Total for Employee No. | 52 | 72.00 | $0.00 |
| | | | | | | | | | Grand Total: | 145.00 | $0.00 |
| 10/8/2007 | 17 | PC | PEDRO | CASTRO | 76586 | 333 East Ontario S | 1 | Wash exterior wall windows of both towers, outsi | 60.00 | $0.00 |
| | | | PEDRO | CASTRO | 76798 | McCormick Lakesi | 9 | Terrace/Level 3: South wall inside. | 9.00 | $0.00 |
| | | | PEDRO | CASTRO | 76820 | McCormick South | 54 | Connecting bridge, skytop, outside. | 4.00 | $0.00 |
| | | | | | | | | Total for Payroll Date | 10/8/2007 | 73.00 | $0.00 |
| | | | | | | | | Total for Employee No. | 17 | 73.00 | $0.00 |

# EXHIBIT C

©1998, 2006, ADP, Inc. All Rights Reserved.

TEAR HERE ►

# Earnings Statement

**ADP EASY PAY**

| | |
|---|---|
| Pay Period: | 10/02/2007 to 10/08/2007 |
| Pay Date: | 10/11/2007 |
| Check #: | 24709450 |

3W1 1

1 01 1105                3W1
CORPORATE CLEANING SERVICE INC
21 WEST ELM SUITE #9
CHICAGO, IL 60610-0000

Employee Number:          1105
Department Number:        01
Social Security Number:   xxx-xx-●●●●
Marital Status:           MARRIED
Number Of Allowances:     03
Rate:                     16.6000

**JAIME BANUELOS**
**8000 S KOMENSKY**
**APT #1**
**CHICAGO, IL 60652**

### Hours and Earnings

| Description | Hours | This Period | Year-To-Date |
|---|---|---|---|
| REGULAR | | | 4274.50 |
| VACTON | | | 1328.00 |
| B-DAY | | | 132.80 |
| BACKPY | | | 927.00 |
| HOLDAY | | | 531.20 |
| REG | 40.00 | 664.00 | 244460.10 |
| REG OT | 22.00 | 547.80 | 3319.92 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 92.70 | 2675.47 |
| FED WT | 114.51 | 2957.12 |
| IL ST | 32.89 | |
| INS | 103.10 | 903.80 |
| UNION | 12.05 | |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $34,973.52 | $1,211.80 | $355.25 | $856.55 |