IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, and FRANCISCO GUZMAN, <br><br>  Plaintiffs, <br><br> v. <br><br> CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually, <br><br> Defendants. | Case No. 07 C 6361 <br><br> Judge Dow <br><br> Magistrate Judge Nolan |

## JOINT INITIAL STATUS REPORT

The parties, by their undersigned attorneys, submit this initial status report:

**A.    Nature of the Case**

    **1.    Attorneys of Record**

Douglas M. Werman  
Maureen A. Bantz  
Werman Law Office, P.C.  
77 W. Washington Street, Suite 1402  
Chicago, Illinois 60602  
*Attorneys for Plaintiffs*

Ira M. Levin  
Martin K. LaPointe  
Christina Y. Nelson  
Burke, Warren, MacKay & Serritella, P.C.  
330 N. Wabash Avenue, 22nd floor  
Chicago, IL 60611  
*Attorneys for Defendants*

    **2.    Basis for Federal Jurisdiction**

The Court has federal question jurisdiction over Plaintiffs' Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law (820 ILCS 11/1 *et seq.*)("IMWL") claims pursuant to 28 U.S.C. § 1367.

1

3.  **Nature of Claims Asserted and Expected Counterclaims**

This case involves federal and state claims for unpaid overtime wages from November 8, 2004 to the present. This lawsuit also involves state claims for unpaid minimum wages from November 8, 2004 to the present. Defendants deny there is any violation of the above referenced statutes.

There are no expected counterclaims at this time.

4.  **Parties Not Served**

All parties have been served.

5.  **Principal Legal Issues**

a.  Whether the FLSA and the IMWL apply to Plaintiffs' claims;

b.  Whether the number of hours that Plaintiffs worked in excess of forty (40) hours in individual work weeks, if any, are compensable as overtime work under the FLSA and IMWL;

c.  Whether Defendants violated the FLSA and the IMWL; and

d.  If Defendants violated the FLSA and/or the IMWL, what method should be used to calculate Plaintiff's owed wages.

6.  **Principal Factual Issues**

a.  The number of hours that Plaintiffs worked in each work week;

b.  The wages Plaintiffs were paid each work week;

c.  The method in which Defendants calculated Plaintiffs' wages;

d.  The amount of Plaintiffs' damages, if any.

7.  **Jury Demanded**

A jury trial has not been demanded.

B.  **Proceedings to Date**

1.  **Substantive Rulings.**

The January 8, 2008 status hearing will be the first hearing held in this matter. No substantive rulings have been issued in this case.

### 2. Pending Motions

No motions are pending in this case.

### 3. Anticipated Motions

The parties do not anticipate any particular motions at this point in time.

### 4. Scheduling Order

No scheduling order has been entered in this matter.

### 5. Written Status Reports

No written status reports have been filed in this matter.

## C. Discovery Plan

### 1. Commencement of Discovery

Discovery has not yet commenced.

### 2. Status of Discovery

No discovery has yet been issued. The parties are interested in exploring the possibility of early resolution of this matter. To that end, Plaintiffs' Counsel has requested that Defendants produce Plaintiffs' time and payroll records to facilitate prompt resolution of this matter.

### 3. Discovery Cut-off Date

No discovery cut-off date has been set.

### 4. Discovery Disputes

No discovery disputes are pending.

### 5. Suggested Discovery Cut-Off Date

The parties suggest that the discovery cutoff date be set for August 29, 2008.

## D. Trial

### 1. Trial Status

This case is not ready for trial.

2.  **Suggested Trial Date**

The Parties anticipate they will be prepared to commence a trial in early 2009.

3.  **Estimated Length of Trial**

The Parties estimate a trial will last 3-5 days.

4.  **Final Pre-Trial Order**

A final pre-trial order has not been filed and is not in the process of being prepared.

5.  **Consent Before Magistrate Judge**

The parties do not unanimously consent to proceed before a magistrate judge at this time.

E.  **Settlement**

1.  **Status of Settlement Discussions**

The parties are interested in exploring the possibility of early resolution of this matter. Plaintiffs have requested that Defendants provide them with their time and payroll records to facilitate settlement of this matter.

2.  **Settlement Conference**

The Parties do not request a settlement conference at this time.

For Plaintiffs:

By: s/Douglas M. Werman
Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
*Attorneys for Plaintiffs*

Dated: January 3, 2008

For Defendants:

By: s/Christina Y. Nelson
Ira M. Levin
Martin K. LaPointe
Christina Y. Nelson
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd floor
Chicago, IL 60611
*Attorneys for Defendants*

Dated: January 3, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Joint Initial Status Report** was served via electronic mail on January 3, 2008 on:

Ira M. Levin
Martin K. LaPointe
Christina Y. Nelson
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Ave., 22nd Floor, IBM Plaza
Chicago, IL 60611-3607

s/Douglas M. Werman
Douglas M. Werman