IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, and FRANCISCO GUZMAN, CARLOS BANUELOS, FELIPE BERUMEN, and JOSE GARCIA<br><br>Plaintiffs,<br><br>v.<br><br>CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually,<br><br>Defendants. | No. 07 C 6361<br><br>Judge Robert M. Dow |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO FIRST AMENDED COMPLAINT

Defendants, Corporate Cleaning Service, Inc., and Neal Zucker, individually, through their attorneys, submit their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.   This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiffs. Plaintiffs worked in excess of forty (40) hours in individual work weeks for defendants but were not paid at a rate of one and a half times their regular hourly rate of pay for all time they worked in excess of forth (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their earned and living wages.

**Answer:**　Defendants admit Plaintiffs bring this action under the referenced statutory authorities. Defendants deny they failed to pay overtime wages for all time worked in excess of forty (40) hours in individual workweeks in violation of the statutory authorities.

**THE PARTIES**

2.　Plaintiffs currently reside in and are domiciled within this juridical district. At all material times hereto, Plaintiffs were employed by Defendants within this judicial district. Defendants' principal place of business is in this judicial district.

**Answer:**　Defendants are without knowledge and information sufficient to form a belief as to whether Plaintiffs currently reside in and are domiciled in this judicial district, and therefore deny same. Defendants admit that during part of the time relevant to Plaintiffs' Complaint, Plaintiffs were employed by Defendants within this judicial district. Defendants admit that CCS' principal place of business is in this judicial district.

3.　At all relevant times herein, Plaintiffs were employed by Defendants as "employee(s)" as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d).

**Answer:**　Defendants admit that Plaintiffs were employed by CCS during part of the time relevant to Plaintiffs' Complaint. Defendants further state that during the time periods relevant to Plaintiffs' Complaint, Neal Zucker has been employed as the President and Chief Executive Officer of CCS. Defendants further state that the remaining allegations of this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required. To the extent answers to the remaining allegations are required, Defendants deny same.

4.　At all relevant times herein, Defendants have been Plaintiffs' "employer(s)" as that term is defined in the FLSA, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

2

**Answer:** Defendants admit CCS employed Plaintiffs during part of the time relevant to Plaintiffs' Complaint. Defendants further state that during the time periods relevant to Plaintiffs' Complaint, Neal Zucker has been employed as the President and Chief Executive Officer of CCS. Defendants further state that the remaining allegations of this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required. To the extent answers to the remaining allegations are required, Defendants deny same.

5. Defendant Corporate Cleaning Services, Inc. is an Illinois corporation and is an "enterprise" as defined by Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

**Answer:** Defendants admit CCS is incorporated under the laws of the State of Illinois. Defendants further admit that CCS provides cost-effective interior and exterior window washing services to its clients in the Chicago area. Defendants further state the remaining allegations of this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required. To the extent answers to the remaining allegations are required, Defendants deny same.

6. Defendant Corporate Cleaning Services, Inc.'s annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax in the years 2004, 2005, 2006 and 2007.

**Answer:** Defendants admit the allegations contained in this paragraph.

7. Defendant Neal Zucker is involved in the day to day business operation of Defendant Corporation Cleaning Services, Inc. Defendant Neal Zucker has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

**Answer:** Defendants state the phrase "involved in the day to day business operations" is undefined, vague and ambiguous and not susceptible to answer. Answering further, Defendants admit that during the time period relevant to the complaint Neal Zucker has

3

been the President and Chief Executive Officer with authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the corporation's checking accounts, including payroll accounts, and to participate in decisions regarding employee compensation and capital expenditures. Defendants deny any remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**Answer:** Defendants admit jurisdiction and venue are appropriate in this Court.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 8.

**Answer:** Defendants incorporate herein by reference their answers to paragraphs 1 through 8 of the Complaint, above, as though fully set forth herein.

9. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs for all time they worked over forty hours in individual work weeks.

**Answer:** Defendants admit Plaintiffs bring this count under the referenced statutory authorities, but deny any violation of the statutory authorities occurred and deny they failed to pay any overtime wages that were due under the FLSA to Plaintiffs for all time worked in excess of forty hours in individual work weeks.

10. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**Answer:** The allegations contained in this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required. To the extent answers to this paragraph are required, Defendants deny same.

11.     During the course of their employment by Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours per week. For example, see Plaintiff Fernando Castro's paycheck stub for the individual work week ending August 13, 2007, attached hereto as Exhibit A, showing that Plaintiff Fernando Castro worked seventy hours in that individual work week.

**Answer:**     Defendants admit Exhibit A purports to be a paycheck stub for Plaintiff Fernando Castro for the individual work week ending August 13, 2007. Defendants deny the remaining allegations contained in this paragraph.

12.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

**Answer:**     The allegations of this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required. To the extent answers to this paragraph are required, Defendants deny same.

13.     Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of forth (40) hours individual workweeks.

**Answer:**     Defendants deny the allegations contained in this paragraph

14.     In one scheme Defendants used to deny Plaintiffs their overtime wages, Defendants issued Plaintiffs a paycheck that compensated Plaintiffs their for all time they worked in an individual work week, including time they worked in excess of forty (40) hours per week, at their regular hourly rate of pay. For example, Plaintiff Fernando Castro worked seventy hours in the individual work ending August 13, 2007, and he was paid his regular hourly rate of $16.60 for all time he worked, including all the overtime hours he worked in that individual work week. See Exhibit A.

**Answer:**     Defendants admit they issued paychecks to Plaintiffs and that Plaintiffs were compensated for all time they worked in each individual work week. Defendants deny the remaining allegations contained in this paragraph.

15.     In a second scheme, Defendants issued checks to Plaintiffs with a fictitiously low number of hours worked, but which falsely stated that overtime wages were paid. The sum of the "regular" and "overtime pay" in such checks equaled the amount of pay Plaintiffs earned if

5

all hours they worked had been paid at their regular hourly rate of pay.  For example, Plaintiff Jaime Banuelos worked seventy-three hours for Defendants in the individual work week ending October 8, 2007.  See the time report for Plaintiff Jaime Banuelos for the work week ending October 8, 2007, attached hereto as Exhibit B.  Plaintiff Jaime Banuelos was paid his regular hourly rate of $16.60 for all time he worked in that work week, including the thirty-three hours of overtime he worked.  Compare Plaintiff Jaime Banuelos' paycheck stub for the work week ending October 8, 2007 (attached as Exhibit C), where Defendants fictitiously indicate that Plaintiff Jaime Banuelos worked sixty-two hours and was paid for twenty-two hours of overtime, with Exhibit B, showing that Plaintiff Banuelos actually worked seventy-three (73) hours during that individual work week.  Although Defendants falsely indicate that they paid Plaintiff Jaime Banuelos for 40 hours at his regular rate of $16.60 an hour and for 22 hours at an overtime rate of $24.90 an hour, or a total of $1,211.80 in that work week [(40 hours * $16.60) + (22 hrs * $24.90) = $1,211.80] (see Exhibit C), in reality, Defendants paid Plaintiff for the seventy-three hours of work he performed in that work week all at his regular rate of $16.60 an hour (73 hrs * $16.60 = $1,211.80).

**Answer:** Defendants admit they issued paychecks to Plaintiffs and that Plaintiffs were compensated for all time they worked in each individual work week.  Defendants deny Exhibit B is a time report of the hours actually worked by Plaintiff Jaime Banuelos for the work week ending October 8, 2007.  Defendants admit Exhibit C purports to be a paycheck stub for Plaintiff Jaime Banuelos for the individual work week ending October 8, 2007.  Defendants deny the remaining allegations contained in this paragraph.

16. Defendants' failure and refusal to pay Plaintiffs overtime wages for all time worked in excess of forth (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**Answer:** Defendants deny the allegations contained in this paragraph.

17. Defendants' failure and refusal to pay Plaintiffs overtime wages for all time they worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**Answer:** Defendants deny the allegations contained in this paragraph.

18. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for time they worked in excess of forty (40) hours per week.

**Answer:** Defendants deny the allegations contained in this paragraph.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 18 of this Complaint.

19.  This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**Answer:**  Defendants incorporate herein by reference their answers to paragraphs 1 through 18 of the Complaint, above, as though fully set forth herein.

20.  The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

**Answer:**  Defendants admit Plaintiffs bring this count under the referenced statutory authorities, but deny any violation of the statutory authorities occurred.

21.  At all relevant times herein, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

**Answer:**  The allegations contained in this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required.  To the extent answers to this paragraph are required, Defendants deny same.

22.  Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forth (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual workweeks.

**Answer:**  The allegations of this paragraph consist of legal conclusions rather than allegations of fact, and therefore no answer is required.  To the extent answers to this paragraph are required, Defendants deny same.

23.  Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time they worked in excess of forty (40) hours per week.

**Answer:**  Defendants deny the allegations contained in this paragraph.

24. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**Answer:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants deny Plaintiffs are entitled to any relief whatsoever, and respectfully request that this Court dismiss this action with prejudice and award Defendants their attorneys' fees and costs and any other relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs are not entitled to recover against Neal Zucker because Neal Zucker is not an employer under the FLSA or the IMWL.

4. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment and release.

5. Defendants are entitled to a credit or set-off for certain additional compensation paid to Plaintiffs.

6. The Complaint fails to state a claim for which liquidated damages can be awarded.

7. The Complaint fails to state a claim for which punitive damages can be awarded.

8. The Complaint fails to state a claim for which prejudgment interest can be awarded.

9. The Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

10. At all relevant times, Defendants have acted in good faith and with reasonable belief that they had not violated the FLSA or the IMWL with respect to Plaintiffs.

11. Defendants are exempt from the overtime provisions of the FLSA and IMWL pursuant to the commission exemption.

12.     Plaintiffs' FLSA claims require interpretation of the collective bargaining agreements between CCS and Plaintiffs' bargaining representative, SEIU Local 1, and Plaintiffs have failed to pursue and exhaust their remedies pursuant to dispute resolution procedures contained in collective bargaining agreements between CCS and SEIU Local 1.

13.     Plaintiffs' IMWL claims are completely preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

14.     All or part of the time for which Plaintiffs seek compensation does not constitute compensable working time.

15.     All or part of the claims are barred under the *de minimis* doctrine.

16.     Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing by reason of the Complaint, and that the same be dismissed with prejudice on the merits;

2.     That Defendants be awarded judgment in their favor and against Plaintiffs; and

3.     That Defendants be granted such further relief as the Court deems just and proper.


Dated: February 20, 2008.


    Respectfully submitted,

    CORPORATE CLEANING SERVICE, INC. and
    NEAL ZUCKER


    By:   /s/ Christina Y. Nelson


Ira M. Levin (ARDC #6192178
Martin K. LaPointe (ARDC #6195827
Christina Y. Nelson (ARDC #6278754)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue – 22nd Floor
Chicago, Illinois 60611
312-840-7000
#457150