# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, FRANCISCO GUZMAN, CARLOS BANUELOS, FELIPE BERUMEN, and JOSE GARCIA,<br><br>Plaintiffs,<br>v.<br>CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually,<br><br>Defendants. | No. 07 C 6361<br><br>Judge Robert M. Dow |

## DEFENDANTS' UNOPPOSED MOTION
## TO VACATE, EXTEND OR BIFURCATE THE DISCOVERY DEADLINE

Defendants Corporate Cleaning Services, Inc. ("CCS") and Neal Zucker, move this Court to vacate, extend or bifurcate the discovery deadline in this case. Plaintiffs do not object to this motion. In support of their motion, Defendants state as follows:

1. Plaintiffs filed their complaint on November 8, 2007 and their First Amended Complaint on January 14, 2008. The First Amended Complaint alleges claims on behalf of twenty-four individual plaintiffs for unpaid overtime wages under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) ("FLSA") and the Illinois Minimum Wage Law (820 ILCS 11/1 *et seq.*) ("IMWL").

2. On December 10, 2007, this Court entered an order setting an initial status hearing for January 8, 2008 and requiring a joint status report by January 5, 2008.

3.    On January 3, 2008, the parties submitted a Joint Status Report. At that time, Defendants had not yet answered the Complaint or fully evaluated their defenses in this case. Nor had the parties engaged in any discovery. In the Joint Status Report, the parties suggested a discovery cutoff date be set for August 29, 2008.

4.    On January 8, 2008, this Court entered an order requiring discovery to be completed by August 29, 2008.

5.    On February 20, 2008, Defendants answered the Amended Complaint asserting as an affirmative defense that Defendants are exempt from the overtime provisions of the FLSA and IMWL pursuant to the commission exemption. 29 U.S.C. § 207(i); 820 ILCS 105/4a(2)(F).

6.    On March 31, 2008, the United States District Court for the Southern District of New York entered an order in *English v. Ecolab, Inc.*, Case No. 06 Civ. 5672, 2008 WL 878456, which Defendants believe is directly on point and strongly supports their position that they are exempt from the overtime provisions of the FLSA and the IMWL pursuant to the commission exemption. Plaintiffs deny that the *English v. Ecolab* decision is on point and further believe that Defendants cannot meet their burden of proving that all three elements of the commission exemption are satisfied in this case.

7.    Defendants intend to file a motion for summary judgment based upon the commission exemption which, if granted, would resolve the entire case.

8.    To date, the parties have issued and answered written discovery. The parties have also met and conferred regarding Defendants' discovery responses, and Defendants are in the process of supplementing certain of their responses to Plaintiffs' written discovery. The parties have thus far concentrated their written discovery efforts on the issue of whether the commission exemption applies. Further, the parties are preparing a proposed Joint Stipulated Protective

Order to address Defendants' concerns regarding the production of confidential information relating to the commission exemption. Moreover, Plaintiffs have noticed for July 31, 2008 the Rule 30(b)(6) deposition of CCS directed to the commission exemption.

9. After Defendants complete the production of additional written documents, and the Plaintiffs have the opportunity to depose Defendants' corporate witness on the exemption issue, the Parties hope to be in a position to set a briefing schedule on Defendants' proposed motion for summary judgment.

10. Because there are twenty-four individual Plaintiffs in this case, discovery on the issue of Plaintiffs' damages and general liability will be very costly and time consuming, will require significant information from third parties, and may result in discovery disputes requiring the Court's attention. Thus, the parties seek to postpone discovery on the issues of Plaintiffs' damages and general liability until after resolution of the issue of whether the commission exemption applies in this case.

11. Moreover, while the parties will continue to diligently pursue discovery toward the resolution of the commission exemption, they seek additional time to address those claims through discovery.

WHEREFORE, Defendants request that the current August 29, 2008 deadline for the completion of discovery be vacated or extended and/or that the discovery deadline be bifurcated so that discovery on the issue of the commission exemption can be completed prior to engaging in discovery on the issues of general liability and Plaintiffs' damages.

Date: July 18, 2008

Respectfully submitted,

/s/ Martin K. LaPointe
Ira M. Levin
Martin K. LaPointe
Christina Y. Nelson
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue – 22nd Floor
Chicago, Illinois 60611
Tel: 312-840-7050

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Corporate Cleaning Services, Inc. and Neal Zucker certifies that on July 18, 2008 he caused a copy of the foregoing Unopposed Motion to Vacate, Extend, or Bifurcate the Discovery Deadline to be filed with the Clerk of the Northern District of Illinois and served electronically upon:

<u>Counsel for Plaintiffs</u>

Douglas M. Werman

Maureen A. Bantz

77 W. Washington, Suite 1402

Chicago, Illinois 60602

                                                            /s/ Martin K. LaPointe
                                                            Martin K. LaPointe