

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, FRANCISCO GUZMAN, CARLOS BANUELOS, FELIPE BERUMEN, and JOSE GARCIA,<br><br>Plaintiffs,<br>v.<br>CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually,<br><br>Defendants. | No. 07 C 6361<br><br>Judge Robert M. Dow |

## STIPULATED PROTECTIVE ORDER

This matter came before the Court upon the parties' Joint Motion for Entry of Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c). Upon consideration of the same, the Court finds that a legitimate need exists, pursuant to Fed. R. Civ. P. 26(c), to issue a protective order in order to expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and protect the legitimate interests of all parties to the action.

Therefore, good cause for the entry of this Protective Order having been shown, and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

1. **Limited Use of Discovery.** All information produced or discovered in this litigation shall be used solely for the prosecution or defense of this litigation, and shall not be used for business, competitive, personal, private, or public purposes, or any other purpose whatsoever. Documents that have not been designated as Confidential or Highly Confidential, as

defined herein, may be used outside of this litigation if they have become publicly available without a breach of the terms of this Order.

2. Scope.

A. All documents and information furnished by a party or non-party (collectively, "source") in conjunction with this litigation that contain or are derived from trade secrets, other confidential or proprietary research or development information, training materials of a proprietary nature or other information that is entitled to confidential treatment under the Federal Rules of Civil Procedure ("Confidential information") shall be designated Confidential and furnished to the other parties pursuant to the terms of this Order. The party receiving the Confidential information shall treat it as proprietary information and shall not use or disclose the information except as authorized by this Order or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all Confidential information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, those portions of deposition transcripts designated as confidential, deposition exhibits, and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, summaries, analyses, or other documents which reflect information contained in the foregoing materials.

B. All documents and information described in Paragraph 2(A) as Confidential information and which are of such a highly sensitive nature that the information should be restricted to outside counsel of record (including members or associates of such counsel's firm) for the parties, including their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this litigation, or to an outside expert or

other consultant who is not employed by or affiliated with any party or an affiliate of a party and is retained by counsel for the purposes of consulting and/or testifying in this litigation ("Highly Confidential information") shall be designated Highly Confidential and furnished to the other parties pursuant to the terms of this Order. Highly Confidential Information shall include documents containing the following: (i) trade secrets, (ii) confidential research and development materials, (iii) confidential compensation information with respect to highly paid officers and executives and positions at the supervisor/foreman level and above, (iv) unaudited internal financial information, (v) competitively-sensitive business or marketing strategies; and (vii) competitively-sensitive customer information. The parties agree to amend this definition of Highly Confidential information in the future if a document not included in one of the categories listed above requires a Highly Confidential designation.

3. <u>Designation of Confidentiality</u>. The parties and non-parties providing information in this action may designate as "Confidential" or "Highly Confidential" any document, as that term is defined in Fed. R. Civ, P. 34(a), as well as testimony or other discovery material containing information about Plaintiffs' litigation against the Defendants, or any other confidential information. Documents produced pursuant to this Order may be designated by any party or non-party as Confidential or Highly Confidential within the meaning of this Order in the following ways:

A. In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on each page of any such document: "Confidential" or "Highly Confidential."

B. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs,

networks or tapes) is produced by any source in such form, the producing source may designate such material as Confidential or Highly Confidential by placing a label with the language from Paragraph 3(a) above on the disk or tape containing the material.

    C.    To the extent that any party or counsel for any party creates, develops, or otherwise establishes any electronic or magnetic media, including any database, disc, or tape that contains information designated Confidential and/or Highly Confidential, that party and/or its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential information and/or Highly Confidential information.

    D.    All documents and materials filed with the Court containing or reflecting the contents of Confidential information or Highly Confidential information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption, Ramon Alvarado, et al. v. Corporate Cleaning Services, Inc., et al, Case No. 07 C 6361, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION SUBJECT TO COURT ORDER" or "HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO COURT ORDER" and words in substantially the following form;

> By order dated [ ], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further Court order.

No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, law clerks, and other Court personnel without further Order of the Court. Regardless of any provision in this Order to the contrary, a source does not have to file a

document under seal if the Confidential information or Highly Confidential information contained or reflected in the document was so designated solely by that source.

4. **Failure to Designate.** In the event that a producing party inadvertently fails to designate its information as Confidential or Highly Confidential at the time of production, it may later so designate by notifying the other party in writing. Similarly, if a party initially designates information as Confidential, it may in good faith re-designate such materials as Highly Confidential by notifying the other party in writing. After any belated designation of information as Confidential or Highly Confidential pursuant to this paragraph, the receiving party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or party shall incur any liability hereunder with respect to the disclosure of Confidential or Highly Confidential information that occurred prior to receipt of written notice of a belated designation.

5. **Previously Disclosed Information.** Any materials or testimony covered by this Order and already produced in this case may-be designated as such within ten (10) days of this Order.

6. **Disclosure of Confidential Information.** Subject to the further limitation set forth in Paragraph 8 below, access to information designated Confidential pursuant to this Order shall be limited to:

   A. The Court, its officers and personnel, jurors, alternate jurors;

   B. Attorneys of record in this litigation and inside counsel of a party or its affiliates with responsibility for this litigation, including retained or employed legal assistants and staff who have a need to review the information or contents of the documents to aid exclusively in the preparation of this case (including clerical employees and outside

photocopying, data processing, and graphic production services) working under the direction of parties' counsel on this matter;

C. Outside consultants or experts and their direct staff retained by the parties for the purpose of consulting or providing expert opinions or testimony exclusively in this case;

D. Any persons whom the parties intend to call as witnesses or deponents in this matter who need to see the information in connection with their anticipated testimony in this case. The deponent or witness shall not be permitted to retain any such documents or things, or any copies thereof, unless such material already is in the possession, custody, or control of such individual or such individual otherwise is authorized to receive such material under this Order, except that a deponent shall have an opportunity to review and sign the deposition transcript as provided by the Federal Rules of Civil Procedure;

E. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

F. A Mediator or Mediators appointed by the Court or the parties;

G. Any party or director, officer, or employee of a Party who in good faith is required to be shown or questioned about such material in order to assist in the preparation or the conduct of this litigation including but not limited to depositions;

H. Any person to whom the party producing the information agrees in writing or to whom the Court permits disclosure; and

I. Any person who is identified on the face of such information to be the originator, author, or recipient of a copy of the information. Such a person shall not be able to keep or preserve a copy of the information beyond the period of that person's interview, preparation, or testimony.

7.  **Disclosure of Highly Confidential Information.** Subject to the further limitation set forth in Paragraph 8 below, access to information designated Highly Confidential pursuant to this Order shall be limited to:

A.  The Court, its officers and personnel, jurors, alternate jurors;

B.  Outside counsel of record in this litigation, including retained or employed legal assistants and staff who have a need to review the information or contents of the documents to aid exclusively in the preparation of this case (including clerical employees and outside photocopying, data processing, and graphic production services) working under the direction of parties' counsel on this matter;

C.  Outside consultants or experts and their direct staff retained by the parties for the purpose of consulting or providing expert opinions or testimony exclusively in this case;

D.  Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

E.  A Mediator or Mediators appointed by the Court or the parties;

F.  Any person to whom the party producing the information agrees in writing or to whom the Court permits disclosure; and

G.  Any person who is identified on the face of such information to be the originator, author, or recipient of a copy of the information. Such a person shall not be able to keep or preserve a copy of the information beyond the period of that person's interview, preparation, or testimony.

8.  **Notification of Confidentiality Order.** Before any Confidential information is disclosed to any of the persons identified in Paragraphs 6.C., 6.G., and 6.H. above, or Highly Confidential information is disclosed to any of the persons identified in Paragraphs 7.C and 7.F

above, such person must first agree in writing to be bound by this Protective Order by signing the Acknowledgement of Protective Order attached to this Order as <u>Exhibit A</u>. The originals of the executed Acknowledgement of Protective Order shall be maintained by counsel for the party who obtained them until final resolution of this litigation.

9. <u>Depositions</u>. If any Confidential or Highly Confidential information is used during any deposition, relevant portions of a deposition transcript thereof (as designated by agreement of counsel) shall be treated as Confidential or Highly Confidential in accordance with Paragraphs 6 and 7 above. Whenever any Confidential or Highly Confidential information is to be discussed or disclosed in a deposition, the producing source may exclude from the room any person who is not entitled to receive such information.

10. <u>Interrogatories and Other Responses</u>. In the case of interrogatory responses, responses to requests for admission, written responses to document requests, and the information contained therein, relevant portions thereof shall be treated as confidential in accordance with this Protective Order, and designation shall be made by means of a statement in the responses specifying that the responses, or specific parts thereof, are designated Confidential or Highly Confidential.

11. <u>Objections to Designations</u>. In the event that a party objects to a designation of Confidential or Highly Confidential, counsel for the parties shall use their best efforts to resolve the objection between themselves. If the parties are unable to resolve the dispute, the objecting party may raise the issue with the Court, and the burden shall be on the proponent of confidentiality to establish that the information is entitled to protection. Until the Court determines that the information is not entitled to protection the confidentiality designation shall remain in effect.

12. **Preservation of Right to Challenge.** A party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

13. **Preservation of Rights and Privileges.** The execution of this Protective Order shall not be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients in this litigation, conduct discovery, prepare for trial, present proof at trial, or oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents, or questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party of any legally cognizable privilege to withhold any information or any right which any party may have to assert such privilege at any stage of this litigation.

14. **Protective Order Shall Not Operate as an Admission.** Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular document or information is or is not (a) confidential, (b) privileged, (c) authentic, or (d) admissible in evidence at trial, except for the purposes of this Protective Order.

15. **Inadvertent Disclosure.** Disclosure of information protected by the attorney-client, work-product, or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication, even involving the same subject matter. A party that discovers that

it has produced privileged information shall request its return within thirty (30) days of the discovery of such production. The privileged documents together with all copies thereof shall be returned forthwith to the party claiming privilege. Any notes made from such privileged documents shall be destroyed. If a party desires to challenge such a designation, the objecting party may raise the issue with the Court, and the burden shall be on the proponent of the privilege to establish that the information is entitled to protection. Until the Court makes a determination that the information is not entitled to protection, the information shall be treated as Confidential.

16. **Return/Destruction of Confidential and Highly Confidential Information.** Sixty (60) days after the final conclusion of this action, all Confidential and Highly Confidential information, including any copies of documents containing such information, shall be either destroyed or returned to counsel for the producing person. Counsel, however, may retain work product and litigation files. Such materials may be used by attorneys only (a) to defend against claims of malpractice or (b) to defend against ethics complaints. Any party retaining Confidential or Highly Confidential information pursuant to this paragraph shall take all reasonable steps to maintain the security and confidentiality of the materials retained.

17. **Preservation of Admissibility.** The provisions of this Protective Order shall not affect the admissibility of evidence at trial or any preliminary proceeding in open court, except as directed by separate order entered for good cause shown.

18. **Third Party Subpoenas.** Any party or person in possession of Confidential or Highly Confidential information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena

seeks production or other disclosure of such Confidential or Highly Confidential information, shall promptly give written notice by facsimile to counsel for the party who produced or designated the materials as Confidential or Highly Confidential identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena also shall inform the person seeking the Confidential or Highly Confidential information that such information is subject to this Protective Order and may not be disclosed without either (i) the consent of the party that produced the information or (ii) court order.

19. **Non-parties.** This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents, or otherwise, in this litigation, unless the non-party waives the protection of this Protective Order. This Protective Order also shall apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents, or otherwise.

20. Nothing in this Protective Order shall prevent a source from using or disclosing its own information as it deems appropriate. Any such disclosure by a source shall not impair the confidentiality obligations imposed upon all other parties and persons subject to this Order.

21. The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

22. The terms of this Protective Order shall survive any final disposition of this case.

23. This Protective Order shall remain in force and effect until modified, superseded, or vacated by consent of the parties or by Order of the Court made upon reasonable written request.

Date: July 21, 2008

_____
Judge Robert M. Dow, Jr.

13488\00001\475974.@79$011.DOC                     11

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Maureen A. Bantz | /s/ Christina Y. Nelson |
| Douglas M. Werman | Ira M. Levin |
| Maureen A. Bantz | Martin K. LaPointe |
| Werman Law Office, P.C. | Christina Y. Nelson |
| 77 W. Washington, Suite 1402 | Burke, Warren, MacKay & Serritella, P.C. |
| Chicago, Illinois 60602 | 330 North Wabash Avenue – 22nd Floor |
| Tel: 312-419-1008 | Chicago, Illinois 60611 |
| | Tel: 312-840-7050 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, FRANCISCO GUZMAN, CARLOS BANUELOS, FELIPE BERUMEN, and JOSE GARCIA,<br><br>Plaintiffs,<br>v.<br>CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually,<br><br>Defendants. | No. 07 C 6361<br><br>Judge Robert M. Dow |

### ACKNOWLEDGEMENT OF PROTECTIVE ORDER

1. My name is _____. I live at _____. I am employed as (state position) _____ by (state name and address of employer) _____.

2. I have read the Stipulated Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order and agree to comply with and be bound by its provisions. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order, agree that I shall not disclose Confidential or Highly Confidential material or information to anyone other than persons permitted to have access to such material or information pursuant to the terms and

restrictions of the Order. I further agree that, upon termination of this action, or sooner if so requested, I shall return all confidential material provided to me, including all copies and excerpts thereof, pursuant to the terms of the Order.

3.  I declare under penalty of perjury that the foregoing is true and correct.


_____
Name


_____
Date