**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RAMON ALVARADO, JAVIER ALVARADO, )
RICARDO ALVARADO, JAIME BANUELOS, )
ARTURO BANUELOS, RUBEN BANUELOS, )
IGNACIO JAVIAN, JOSE LARIOS, PEDRO )
CASTRO, ABEL CASTRO, TAURINO )
GUZMAN, HENRY MARTINEZ, LUCIO )
POLANCO, SERGIO POLANCO, JUAN )
POLANCO, FERNANDO CASTRO, HORACIO )
CASTRO, ERICK RAMIREZ, JOSE VALDEZ, )
ANTONIO GUZMAN, FRANCISCO GUZMAN, )
CARLOS BANUELOS, FELIPE BERUMEN, and )
JOSE GARCIA, )
　 )
            Plaintiffs, )
                                  )    Case No.  07 C 6361
      v.                              )
                                   )    Judge Dow
CORPORATE CLEANING SERVICE, INC., and )
NEAL ZUCKER, individually, )
  )
            Defendants. )

**INDEX OF EXHIBITS**

Plaintiffs' Counsel's July 8, 2008 correspondence to Defendants' Counsel......................A

Plaintiffs' Counsel's August 18, 2008 correspondence to Defendants' Counsel...............B

Defendants' First Supplemental Responses to Plaintiffs' First Request for Production of
Documents ........................................................................................................................C

# EXHIBIT A



**Werman**
LAW OFFICE P.C.

77 West Washington Street
Suite 1402
Chicago, Illinois 60602

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

July 8, 2008

***Via Electronic Mail***
Christina Nelson
Burke Warren MacKay & Serritella
One IBM Plaza
330 N. Wabash Ave., 22nd Floor
Chicago, Il. 60611-3607

  Re:  *Corporate Cleaning*

Dear Ms. Nelson:

  This is a follow-up to our conversation this morning regarding deficiencies in Defendants' answers to Plaintiffs' First Set of Interrogatories and First Request for the Production of Documents. This letter is written to you pursuant to Local Rule 37.2. We ask that Defendants supplement their answers and production in the following ways.

### First Set of Interrogatories

  **Interrogatory No. 4.** This asked for certain information regarding the method and manner in which Plaintiffs were paid by Defendants. We understand that documents produced by Defendants are partially responsive to this interrogatory, but the documents do not contain responsive information to all the subparts of this interrogatory. In particular, the documents do not explain the basis of Plaintiffs' rate of pay (i.e., their "commission" rate). Please explain how the number of points was arrived at for each job Plaintiffs worked in each work week that they were employed. Interrogatory No. 4, subpart e.

  **Interrogatory No. 5.** This asked whether, among other things, Defendants have changed their method of compensation since this lawsuit was filed. Defendants objected and produced no information. This information is relevant and discoverable. Please supplement Defendants' answer.

  **Interrogatory No. 7.** Defendants' answer to this interrogatory refers to a Microsoft Access database in which information relating to "points" and "assigned hours" is maintained. The CD that was produced by Defendants is not in Access format. Instead, it is in Word format. Moreover, the information on the CD does not contain "assigned hours" information. Instead, it contains only "point" information. Please produce all this information in Access format and containing both "points" and "assigned hours" information.

Christina Nelson
July 8, 2008
Page 2

## First Request for Production

**Request No. 1.** Defendants refused to answer this request. The names and addresses of other window washers are relevant because they are witnesses to both the hours that Plaintiffs worked and Defendants' compensation practices. Please produce this information.

**Request No. 2.** For the reasons set forth above with respect to Interrogatory No. 2, we ask that all underlying documents relating to Defendants' "point" system be produced. In particular, Plaintiffs seek documents explaining how the number of points are set for each job that Plaintiffs worked in each week. These documents include Defendants' bids, quotes, estimating papers, or contracts that show or identify the cost of labor allocated to each job Plaintiffs' performed.

**Request No. 3.** Please confirm that all documents showing the number of hours that Plaintiffs worked each week, including time cards and time sheets, have been produced.

**Request No. 6.** Again, please confirm that all documents showing the number of hours that Plaintiffs worked each week, including time cards and time sheets, have been produced.

**Request No. 9.** Please confirm that all documents that purport to waive, amend or modify any portion of any collective bargaining agreement have been produced.

**Request No. 30.** Please confirm whether responsive documents exist for each subpart of this request. If not, please state that no documents exist.

**Request No. 31.** Please identify by bates number which, if any, documents are responsive to this request.

**Request No. 32.** We spoke about this request in detail today. We will agree to accept responsive documents for sample months. Specifically, we ask that Defendants produce documents for June, July and August for 2004, 2005, 2006 and 2007. We also will agree to the production of such documents under an "attorneys' eyes only" designation and will agree to hold such documents under such a designation until such an order is entered by the Court. The requested information is relevant and pertinent because it shows, among other things, the relationship between the "points" paid to Plaintiffs and the amount of the "sale" or cost to the customer. Such information is highly relevant in a case where Defendants are asserting a commissioned sales person affirmative defense. Please produce this information.

**Request No. 33.** This information is relevant for the same reasons the information responsive to Request No. 32 is relevant. We likewise agree to accept documents for the sample months identified above and will agree to hold such information "attorneys' eyes only."

**Request No. 35.** Defendants limited production to the period ending November 8, 2007.

Christina Nelson
July 8, 2008
Page 3

There is no basis for such a limitation. We ask that all documents related to any changes to Defendants' compensation plan be produced. Such information may show, among other things, that Defendants' compensation plan is not, and never was, a bona-fide commission plan.

**Request No. 36.** Please identify, by bates range, what documents are responsive to this request. Please also confirm that all responsive documents have been produced.

**Request No. 37.** Please identify, by bates range, what documents are responsive to this request. Please also confirm that all responsive documents have been produced.

**Request No. 42.** Please identify, by bates range, what documents are responsive to this request. Please also confirm that all responsive documents have been produced.

**Request No. 45.** Please identify, by bates range, what documents are responsive to this request. Please also confirm that all responsive documents have been produced.

In addition, Defendants' objections assert both attorney-client and work product privileges. Please confirm whether any documents have been withheld from production on the basis of privilege and, if so, please produce a privilege log.

We are interested in working cooperatively with you to resolve these disputes. Unfortunately, because of the extensive delay in our receiving Defendants' production and the fast approaching discovery cut-off date, we ask that Defendant supplement its production in the next 10 days. If you are unwilling to do so, please contact me and we will ask for the Court's assistance.

Very truly yours,

Douglas M. Werman

DMW/ms

cc:    Ira Levin
       Maureen A. Bantz

## Cristina Calderón

| | |
|---|---|
| **From:** | Cristina Calderón [ccalderon@flsalaw.com] |
| **Sent:** | Tuesday, July 08, 2008 5:10 PM |
| **To:** | 'cnelson@burkelaw.com' |
| **Cc:** | 'ilevin@burkelaw.com'; 'Maureen Bantz'; 'dwerman@flsalaw.com' |
| **Subject:** | Alvarado v. Corporate Cleaning |
| **Attachments:** | ALAVARADO DEP NOTICE.pdf; NELSON LETTER.pdf |

On behalf of Douglas Werman and Maureen Bantz:

Please see attached documents. Thank you.

---

**Cristina Calderón| Paralegal**
Werman Law Office, P.C. | 77 W. Washington St. | Suite 1402| Chicago, IL 60602
phone (312) 419-1008 | fax (312) 419-1025| www.flsalaw.com

CONFIDENTIALITY NOTE:
This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination,distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 419-1008 and also indicate the sender's name. Thank you.

7/9/2008

# EXHIBIT B



77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

August 18, 2008

*Via Electronic Mail*
Christina Nelson
Burke Warren MacKay & Serritella
One IBM Plaza
330 N. Wabash Ave., 22nd Floor
Chicago, IL 60611-3607

Re:   *Alvarado et al. v. Corporate Cleaning, et al.*

Dear Christina:

This letter is a follow-up to our August 11, 2008 telephone conversation regarding Defendants' discovery responses and Defendants' recent supplemental document production. There are a few outstanding discovery issues that the parties need to resolve, which are as follows:

1.     Defendants' supplemental response to Interrogatory No. 7 indicates that Defendants "previously produced as an .rtf file portions of its ACCESS database relating to Plaintiffs for the time period November 8, 2004 through November 8, 2007." We want the data in its native format, which is ACCESS, and do not want it converted to .rtf format. As I explained, the .rtf format does not allow us to import the data back into Access or Excel. Per our August 11th conversation, I understand that Defendants intend to supplement their production and will produce the data in an electronic file that is importable into Access or Excel. Defendants did not produce such data when they supplemented their production on August 15, 2008. Please confirm whether Defendants intend to supplement their production with the data in an ACCESS format.

2.     With respect to Document Request No. 6, we request that Defendants supplement their production by producing Plaintiffs' "Daily Time Sheets" for the period between January 2008 and August 18, 2008.

3.     Also, pursuant to our August 11th conversation, I understand that Defendants do not intend to cure Plaintiffs' objections to Defendants' responses to Document Request No. 32 and Document Request No. 33. Specifically, Defendants refuse to produce:

- Invoices or other documents showing the amount Defendants' customers were charged. (Document Request No. 32(f)).
- Documents showing the payment and method of payment by Defendants' customers for the service performed by Defendants. (Document Request No. 32(h)).

Christina Nelson
August 18, 2008
Page 2

- All contracts, agreements and other documents that evidence arrangements Defendants had to perform window washing services for their customers, since November 8, 2004 to the present. (Document Request No. 33).

Given that we are at impasse with respect to Document Request Nos. 32 & 33, we will request that the Court resolve the parties' dispute.

Please contact me on or before close of business on August 20, 2008 and confirm whether Defendants agree to supplement their production with respect to points one and two, above. We prefer to file a single discovery motion with the Court.

Very truly yours,

Maureen A. Bantz

MAB/ms

CC: Douglas M. Werman
    Ira Levin
    Martin K. LaPointe

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RAMON ALVARADO, JAVIER ALVARADO,                )
RICARDO ALVARADO, JAIME BANUELOS, ARTURO        )
BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN,       )
JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO,         )   No. 07 C 6361
TAURINO GUZMAN, HENRY MARTINEZ, LUCIO           )
POLANCO, SERGIO POLANCO, JUAN   POLANCO,         )   Judge Robert M. Dow
FERNANDO CASTRO, HORACIO CASTRO, ERICK          )
RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN,           )
FRANCISCO  GUZMAN, CARLOS BANUELOS, FELIPE       )
BERUMEN, and JOSE GARCIA                         )
                                                 )
           Plaintiffs,                           )
                                                 )
     v.                                          )
CORPORATE CLEANING SERVICE, INC., and   NEAL     )
ZUCKER, individually,                            )
                                                 )
           Defendants.                           )

## DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES TO
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Corporate Cleaning Services, Inc. and Neal Zucker supplement their responses to Plaintiffs' First Request for Production of Documents to Defendants as follows:

### Preliminary Statement

In responding to the Requests, Defendants have conducted a reasonable search and review of the records and documents available to them. To the extent the Requests, or any portion thereof, seek to require Defendants to take any action other than the aforesaid reasonable investigation, Defendants object to the Requests on the grounds that they are unduly burdensome, oppressive and constitute harassment.

Defendants expressly reserve the right to provide further responses and documents which are obtained from information independent of Defendants' records and from information and/or documents which may come to light in the future.

In responding to the Requests, Defendants have not fully completed their investigation of the facts relating to this case, and have not fully completed their

discovery in this action, and have not completed preparation for trial. All of the responses contained herein are based only on the information and documents presently available to Defendants and specifically known to Defendants. It is anticipated that further discovery, independent investigation and analysis will supply additional information. Therefore, the following responses are given without prejudice to Defendants' rights to provide further responses. Defendants further object to each and every request to the extent it seeks the production of documents covered by either the attorney work product or attorney client privileges. Defendants hereby submit their responses to Plaintiff's First Requests for Production of Documents to Defendants.

Defendants will produce documents responsive to the Requests.

**FIRST SUPPLEMENT:** Defendants confirm that including the supplemental documents being produced herewith, all responsive documents have been produced (subject to the objections noted below).

## REQUEST NO. 1

All documents identifying, by name, telephone number, and full postal address information, all persons employed by Defendants as window washers between November 8, 2004 and the present.

**RESPONSE:**      Defendants object to this request on the grounds that it is over broad, unduly burdensome, not designed to lead to the discovery of admissible evidence and seeks irrelevant information. Answering further, Defendants state that this case has not been brought or certified as a class action. Further, since November 8, 2004, CCS has employed over 200 window washers, twenty four of whom are Plaintiffs in this action whose name, address and telephone number are already known to Plaintiff's counsel.

**FIRST SUPPLEMENT:**      Without waiving Defendants prior objections, Defendants further state that discovery has been bifurcated and the requested information is not relevant to the commission exemption.

## REQUEST NO. 2

For Plaintiffs, for the period between November 8, 2004 and the present, records or documents containing the following information:

    a. The plaintiff's full name as used for Social Security record-keeping purposes and, on the same record, the employee's identifying symbol or number if it is used in place of the name on any time, work, or payroll records;

    b. The plaintiff's home address, including zip code;

    c. The time of day and day of the week on which the plaintiff's work week begins;

    d. The regular hourly rate of pay, or the regular fixed sum each week for a variable number of work hours, for any work week in which overtime compensation is or was due; an explanation of the basis of pay showing the monetary amount paid on either a (i) per hour, (ii) per day, (iii) per piece, (iv) job rate, (v) commission on sales, (vi) or other basis; and the amount and nature of each payment that is excluded from the regular rate;

    e. The total number of hours the Plaintiff worked in each individual work week;

    f. The total daily or weekly straight-time earnings or wages due for hours worked during the workday or week, exclusive of premium overtime compensation;

    g. The total premium paid over and above straight-time earnings for overtime hours;

    h. The total additions to or deductions from wages paid each pay period, including employee purchase orders or wage assignments. The individual employee records must also include the dates, amounts, and nature of items that make up the total additions and deductions;

    i. The total wages or salary paid each pay period;

    j. The date of payment and the pay period covered by the payment;

    k. The date and amount of any bonus or other compensation paid to the Plaintiff.

**RESPONSE:**        Defendants object to this request as overly broad, unduly burdensome, duplicative and not calculated to lead to the discovery of admissible evidence to the extent it seeks records stored on paper where the same information is available in electronic form. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request.

**FIRST SUPPLEMENT:**    Without waiving Defendants prior objections, Defendants refer to their First Supplemental Answer to Interrogatories Nos. 6 and 7.

**REQUEST NO. 3**

For Plaintiffs, all documents related to their employment with Defendants including, but not limited to,

    a. Their personnel files;
    b. Records pertaining to Plaintiffs' job duties and job responsibilities;
    c. Plaintiffs' Job description(s);
    d. Plaintiffs' Work schedules since November 8, 2004;
    e. Time sheets, time cards, or punch cards or other documents showing the number of hours Plaintiffs worked in each week since November 8, 2004.

**RESPONSE:**      Defendants object to this request as overly broad, unduly burdensome, duplicative and not calculated to lead to the discovery of admissible evidence to the extent it seeks records stored on paper where the same information is available in electronic form. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request.

**FIRST SUPPLEMENT**:    Without waiving Defendants prior objections, Defendants refer to their First Supplemental Answer to Interrogatory No. 7. Further, Defendants are producing herewith copies of the employee files for Plaintiffs Ruben Banuelos, Ignacio Javian, Jose Larios, and Henry Martinez, which were inadvertently omitted from the prior production. Answering further, Defendants confirm that with the supplemental production hereto all responsive information has been produced, where available, in electronic format. Information that is not available in electronic format has been produced on paper.

## REQUEST NO. 4

All documents showing or reflecting any cash payments made to Plaintiffs for hours worked between November 8, 2004 and the present.

**RESPONSE:**      None.

**REQUEST NO. 5**

All "Employee Assignment Reports" for Defendants' employees for the period between November 8, 2004 and the present.

**RESPONSE:**        Defendants object to this request as unduly burdensome. Subject to and without wavier of the foregoing objection, Defendants will produce documents responsive to this request.

**REQUEST NO. 6**

All timesheets, schedules, time stamped documents (including but not limited to security logs, computer logs, and phone logs) and other documents that provide an identifiable time for work-related activity by Plaintiffs or other documents identifying or describing the time worked by Plaintiffs. (Plaintiffs request these documents be produced in electronic and importable form where available).

**RESPONSE:**        Defendants object to this request as overly broad, unduly burdensome, duplicative and not calculated to lead to the discovery of admissible evidence to the extent it seeks records stored on paper where the same information is available in electronic form. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request for the period between November 8, 2004 and the present.

**FIRST SUPPLEMENT**:    Without waiving Defendants prior objections, Defendants further object to this request at this time to the extent it seeks information that is not relevant to the commission exemption. Subject to the objections, Defendants refer to their First Supplemental Answer to Interrogatory No. 7. Answering further, Defendants confirm that with the supplemental production hereto all responsive information has been produced, where available, in electronic format. Information that is not available in electronic format has been produced on paper.

**REQUEST NO. 7**

Performance evaluations for all persons employed by Defendants as window washers between November 8, 2004 and the present.

**RESPONSE:**    Defendants object to this request as overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and an invasion of the rights of privacy of third persons who are not parties to the subject action to the extent this request seeks information for employees who are not parties to the subject action. Subject to and without waiver of the foregoing objections, CCS states that it does not conduct formal performance evaluations on window washers. Answering further, CCS has no documents responsive to this request.

**REQUEST NO. 8**

All Disciplinary Notice forms issued to Plaintiffs or other documents relating to instances Plaintiffs were disciplined by Defendants between November 8, 2004 and the present.

**RESPONSE:**    Defendants will produce all responsive documents with Plaintiffs' employee files.

**REQUEST NO. 9**

All collective bargaining agreement(s) between Defendants and any labor organization that were effective during the course of Plaintiffs' employment.

**RESPONSE:**    Defendants object to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence to the extent it seeks collective bargaining agreements that were in effect prior to November 8, 2004. Answering further, portions of the written collective bargaining agreements were

waived, amended and/or modified by the Unions, CCS, and CCS' employees. Thus, the written collective bargaining agreements do not accurately reflect the entire agreement between the parties. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request for the period between November 8, 2004 and present.

**FIRST SUPPLEMENT**: Without waiving Defendants prior objections, Defendants further object to this request at this time to the extent it seeks information that is not relevant to the commission exemption. Subject to the objections, Defendants confirm that all documents that purport to waive, amend or modify the collective bargaining agreements have been produced.

## REQUEST NO. 10

All documents relating to Defendants' (a) break-time, (b) lunch and (c) meal policies or practices for employees that were used by Defendants in the three (3) years prior to Plaintiffs filing their Complaint, including, but not limited to, all documents relating to whether such time is considered compensable time.

**RESPONSE:** Defendants will produce responsive documents, if any, for the period November 8, 2004 to present. Answering further, none at this time.

## REQUEST NO. 11

All documents describing the nature of the Defendants' operations and their organizational structure from November 8, 2004 and the present.

**RESPONSE:** Defendants object to this request as vague, ambiguous, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections,

Defendants will produce documents responsive to this request from CCS' website: www.corporatecleaning.com.

## REQUEST NO. 12

All documents identifying each person employed by Defendants who has or had any responsibility for establishing, monitoring, or supervising Plaintiffs' and other window washers.

**RESPONSE:**       Defendants object to this request as overly broad, unduly

burdensome, not calculated to lead to the discovery of admissible evidence, not limited in

scope as to time, and an invasion of the rights of privacy of third persons who are not

parties to the subject action.    Subject to and without waiver of the foregoing objections,

Defendants will produce documents responsive to this request from CCS' website:

www.corporatecleaning.com.

## REQUEST NO. 13

All documents, including the personnel file, performance evaluations, and job description for the person or persons who supervised Plaintiffs at any time while Plaintiffs were employed by Defendants.

**RESPONSE:**       Defendants object to this request as overly broad, unduly

burdensome, not calculated to lead to the discovery of admissible evidence, not limited in

scope as to time, and an invasion of the rights of privacy of third persons who are not

parties to the subject action.

## REQUEST NO. 14

Copies of any and all documents regarding any (a) claims filed in any administrative agency, or state or federal courts against Defendants, (b) investigations by

the state or federal Department of Labor, or (c) union grievances, concerning Defendants'
failure to pay overtime or other compensation to their employees within the last five (5)
years.

**RESPONSE:**        Defendants object to this request as overly broad, unduly

burdensome, not calculated to lead to the discovery of admissible evidence, not limited in

scope as to time, and an invasion of the rights of privacy of third persons who are not

parties to the subject action.  Defendants further object to this request to the extent it

seeks documents protected by the attorney-client, work product or other applicable

privileges or equally available to the Plaintiffs.  Subject to and without waiver of the

foregoing objections, Defendants will produce documents responsive to this request

concerning CCS' alleged failure to pay overtime compensation to its employees within

the last five (5) years.  Said documents include: (1) Illinois DOL Investigative Report;

and (2) pleadings filed in *Cesar B. Varela, and all Plaintiffs similarly situated known and*

*unknown v. Corporate Cleaning Service, Inc.*, No. 07 CV 4577, United States District

Court for the Northern District of Illinois, Eastern Division.   Answering further,

Defendants state that one grievance was filed concerning work performed in February

2008. The grievance was dropped by the Union for insufficient evidence. Defendants did

not retain a copy of this grievance.


**REQUEST NO. 15**

All statements, correspondence, memos, or other documents relating to witnesses
or potential witnesses or persons contacted in connection with this case.

**RESPONSE:**        Defendants object to this request to the extent it seeks

documents protected by the attorney-client, work product or other applicable privileges.

Subject to and without waiver of the foregoing objections, Defendants produce documents responsive to this request, including a digital video recording.

## REQUEST NO. 16

All correspondence, memos, or other documents evidencing communications Defendants, Defendants' employees and/or Defendants' agents made to any Plaintiff between November 8, 2007 and the present.

**RESPONSE:**        Defendants object to this request as overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents protected by the attorney-client, work product or other applicable privileges. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request pertaining to any of the issues in this lawsuit.

## REQUEST NO. 17

All releases or settlement agreements offered to or signed by Defendants' employees since August 2004 which relate to the payment, satisfaction, or waiver of any overtime pay owed to Defendants' employees.

**RESPONSE:**        Defendants will produce documents responsive to this request.

## REQUEST NO. 18

All documents, tape recordings, or other writings memorializing or in any way recording or reflecting any words, statements, declarations, conversations or other communications by Plaintiffs or Defendants regarding Plaintiffs' employment, job duties, job responsibilities, hours of work or compensation.

**RESPONSE:**      Defendants object to this request as vague, overly broad, unduly burdensome, not limited in scope as to time, and not calculated to lead to the discovery of admissible evidence.   Subject to and without waiver of the foregoing objections, Defendants will produce all responsive documents.  Answering further, copies of responsive documents are contained in Plaintiffs' employee files.

**REQUEST NO. 19**

All documents including correspondence, memos, or e-mail pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public, that Defendants or any agent or employee of Defendants had with Plaintiffs regarding Plaintiffs' job duties, responsibilities, hours of work, or compensation.

**RESPONSE:**      Defendants refer Plaintiffs to Defendants' Response to Request Number 18 herein.

**REQUEST NO. 20**

All documents pertaining to the training Plaintiffs received that related to any of Plaintiffs' job duties or responsibilities.

**RESPONSE:**      Defendants will produce all responsive documents. Answering further, copies of responsive documents are contained in Plaintiffs' employee files.

**REQUEST NO. 21**

All management or supervisory manuals used by Defendants since November 8, 2004.

**RESPONSE:**     Defendants object to this request as overly broad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, no manuals for managers and supervisors of window washers have been used by CCS since November 8, 2004.

## REQUEST NO. 22

All handbooks, manuals, policies and documents describing or concerning how hours worked in excess of forty (40) in individual work weeks, absences, lunch, and/or break-time are treated for pay or compensation purposes that Defendants have used, published, relied on, or distributed in the five years prior to Plaintiffs filing their Complaint.

**RESPONSE:**     Defendants object to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants will produce responsive documents for the period November 8, 2004 to present for window washers employed by CCS. Answering further, copies of responsive documents are contained in Plaintiffs' employee files.

## REQUEST NO. 23

All handbooks, manuals, policies and documents describing or concerning the procedure, custom, practice, or policy for keeping track of an employee's hours that Defendants have used, published, relied on, or distributed in the three (3) years prior to Plaintiffs filing their Complaint.

**RESPONSE:**     Defendants object to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants will produce responsive documents for the period November 8, 2004 to present, for CCS' window washers. Answering further, copies of responsive documents are contained in Plaintiffs' employee files.

**REQUEST NO. 24**

All handbooks, manuals, policies and documents describing or concerning the issue of docking, or the circumstances under which an employee's pay may be docked or subject to reduction, or policies, procedures, customs, or practices concerning the docking or reduction of an employee's pay that Defendants have used, published, relied on, or distributed in the three (3) years prior to Plaintiffs filing their Complaint.

**RESPONSE:**    Defendants object to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants will produce responsive documents for the period November 8, 2004 to present, for CCS' window washers. Answering further, copies of responsive documents are contained in Plaintiffs' employee files.

**REQUEST NO. 25**

All documents concerning any communications Defendants have prepared, drafted, made, published, or distributed in the three (3) years prior to Plaintiffs filing their Complaint concerning (a) how the absences or break-time of employees are or will be treated for pay or compensation purposes, and/or (b) how the hours of employees will be tracked or documented, and/or (c) how the pay of employees will or may be docked or reduced.

**RESPONSE:**    Defendants object to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants will produce responsive documents, if any, for the period November 8, 2004 to present, for CCS window washers. Answering further, none at this time.

**REQUEST NO. 26**

All documents related to the time (or punch) mechanism used by Plaintiffs to record their hours worked. Such documents should include, but not be limited to, documents identifying the manufacturer of the time keeping mechanism, its model year and number, any manuals or other books describing the time clock and its functions and programming.

**RESPONSE:**        Defendants object to this request as vague, overly broad

and not calculated to lead to the discovery of admissible evidence.  Subject to and

without waiver of the foregoing objections, Defendants state that CCS window washers

do not use a time clock or punch mechanism to record their hours.   Answering further,

Defendants have no documents responsive to this request.


**REQUEST NO. 27**

All documents concerning any communications Defendants have prepared, drafted, made, published, or distributed to employees in the five years prior to Plaintiffs filing their Complaint relating to employees' (a) pre-shift or post-shift job responsibilities, (b) procedures for "punching in and out" at the commencement and completion of employees' work shifts, and (c) the time employees are required to arrive at their designated work sites prior to commencing job duties and responsibilities.

**RESPONSE:**        Defendants object to this request as vague, overly broad

and not calculated to lead to the discovery of admissible evidence.  Subject to and

without waiver of the foregoing objections, Defendants will produce responsive

documents, if any, for the period between November 8, 2004 and present.  Answering

further, none at this time.


**REQUEST NO. 28**

All documents concerning any communications Defendants have prepared, drafted, made, published, or distributed that concern the exempt or non-exempt status of Plaintiffs under the FLSA or the IMWL.

**RESPONSE:**          Defendants object to this request on the ground that it calls

for legal conclusions and to the extent it seeks documents that are subject to the attorney-

client, work product or other privilege.  Subject to and without waiver of the foregoing

objections, Defendants will produce responsive documents, if any.


**REQUEST NO. 29**

All documents concerning any communications Defendants have prepared, drafted, made, published, or distributed that concern the application of Section 207(i) of the FLSA, 29 U.S.C. §207(i), or Section 4(a)(2)(F) of the IMWL, 820 ILCS 105/4a(2)F, to Plaintiffs.

**RESPONSE:**          Defendants object to this request on the ground that it calls

for legal conclusions and to the extent it seeks documents that are subject to the attorney-

client, work product or other privilege.  Subject to and without waiver of the foregoing

objections, Defendants will produce responsive documents, if any.


**REQUEST NO. 30**

For each Plaintiff Defendants allege was paid on a commission sales basis, all records or documents identifying the following:
  a.    The time of day and day of the week on which the plaintiff's work week begins;
  b.    The total number of hours each employee worked each work day   and each workweek;
  c.    The total amount of commission earnings paid to each employee each pay period;
  d.    The total amount of piece rate earnings paid to each employee each pay period;
  e.    The total amount of hourly earnings paid to each employee each pay period;
  f.    The total amount of other earnings paid to each employee each pay period.

**RESPONSE:**          Defendants object to this request as overly broad, unduly

burdensome, duplicative, not limited in scope as to time, and not calculated to lead to the

discovery of admissible evidence to the extent it seeks records stored on paper where the same information is available in electronic form.  Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request for the period November 8, 2004 to December 4, 2007.

**FIRST SUPPLEMENT**:   Without waiving Defendants' prior objections, CCS refers to its Supplemental Answer to Interrogatory No. 7.

## REQUEST NO. 31

All documents relating to written agreements or understandings between Defendants and Plaintiffs which indicate Defendants' intention to utilize Section 7(i) of the FLSA with respect to their employment.

**RESPONSE:**    Defendants object to this request on the ground that it calls for a legal conclusion.   Subject to and without waiver of the foregoing objection, Defendants will produce responsive documents, if any, for the time period November 8, 2004 to present.

**FIRST SUPPLEMENT**:   Without waiving Defendants' prior objections, Defendants confirm that there are no documents responsive to this request.  Investigation continues.

## REQUEST NO. 32

For the three (3) year period prior to Plaintiffs filing their Complaint in this case, documents sufficient to identify  (i.e., name and full postal address) of each customer who utilized Defendants' window washing services *or* any other service offered by Defendants' business.  For each such customer, also produce documents showing:
    a.    The date(s) the customer utilized Defendants' business;
    b.    The nature or kind of service performed;
    c.    The name of the employee assigned to perform the requested services;

d.   The time the employee(s) commenced the job(s) for the customer on each date;

e.   The time the employee(s) completed the job(s) for the customer on each date;

f.   Invoices or other documents showing the amount the customer was charged;

h.   All documents showing the payment and method of payment by such customer for the service performed by Defendants.

**RESPONSE:**       Defendants object to this request as overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for confidential and proprietary information relating to CCS' current customers.   Subject to and without waiver of the foregoing objections and subject to the entry of a protective order, Defendants will produce Employee Assignment Reports and Time Entered Reports which identify the names of CCS' customers.

**FIRST SUPPLEMENT**:   Without waiving Defendants prior objections, Defendants further object to this request at this time to the extent it seeks information that is not relevant to the commission exemption.   Subject to the objections, Defendants refer to their First Supplemental Answer to Interrogatory No. 6.

## REQUEST NO. 33

All contracts, agreements and other documents that evidence arrangements Defendants had to perform window washing services for their customers, since November 8, 2004 to the present.

**RESPONSE:**       Defendants refer Plaintiffs to Defendants' Response to Request Number 32 herein.

**FIRST SUPPLEMENT**:   Without waiving Defendants prior objections, Defendants further object to this request at this time to the extent it seeks information that

is not relevant to the commission exemption.  Subject to the objections, Defendants refer

to their First Supplemental Answer to Interrogatory No. 6.


## REQUEST NO. 34

All documents relating to or describing any computer software utilized by Defendants since January 2004 that allow Defendants to track or record the amount of wages paid to Plaintiffs.

**RESPONSE:**        Defendants object to this request as overly broad, unduly

burdensome, not calculated to lead to the discovery of admissible evidence and to the

extent it seeks confidential and proprietary information.   Subject to and without waiver

of the foregoing objections, Defendants state that CCS uses ADP to track and record the

amount of wages paid to Plaintiffs.   Defendants will produce information from CCS'

ADP files pertaining to Plaintiffs for the time period November 8, 2004 to December 4,

2007.

**FIRST SUPPLEMENT**:     Without  waiving  Defendants  prior  objections,

Defendants further object to this request at this time to the extent it seeks information that

is not relevant to the commission exemption.  Subject to the objections, Defendants refer

to their First Supplemental Answers to Interrogatories No. 6 and 7.


## REQUEST NO. 35

All documents relating to: (a) the creation or establishment of Defendants' compensation plan for Plaintiffs, including who created the Plan; and (b) any change to that Plan since its creation or establishment.

**RESPONSE:**        Defendants object to this request on the ground that it is not

limited in scope as to time.  Defendants further object to this request to the extent it seeks

documents protected by the attorney-client, work product or other applicable privileges. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive this request for the period November 8, 2004 to November 8, 2007.

**FIRST SUPPLEMENT**:   Without waiving Defendants' prior objections, Defendants refer to their Supplemental Answer to Interrogatory No. 6.   Answering further, Defendants state that there are no documents responsive to subpart (a). Responsive to subpart (b), Defendants refer to documents Bates labeled CCS 1267- CCS 1271.   Defendants are also producing herewith the following documents: "Payroll Instructions", "Request to be paid on Piece Rate" and "Timesheet."

**REQUEST NO. 36**

All documents that support, concern, or relate to any contention that Plaintiffs were exempt employees for purposes of the overtime statutes.

**RESPONSE:**      Defendants object to this request on the grounds that it is duplicative of prior requests, calls for a legal conclusion, and is not limited in scope as to time. Defendants further object to this request to the extent it seeks documents protected by the attorney-client, work product or other applicable privileges.   Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request, if any, for the period November 8, 2004 to present.

**FIRST SUPPLEMENT**:      Without waiving Defendants' prior objections, Defendants state that several documents produced are responsive to this request including the Employee Assignment Reports (CCS 01389- CCS 02010), Payroll Registers (CCS 02011- CCS 02946), and electronic ACCESS files. Defendants confirm these documents have been produced.

**REQUEST NO. 37**

All documents that support, concern, or relate to any contention that Section 207(i) of the FLSA or Section 4(a)(2)(F) of the IMWL applies to Plaintiffs.

**RESPONSE:**    Defendants object to this request on the grounds that it is duplicative of prior requests, calls for a legal conclusion, and is not limited in scope as to time. Defendants further object to this request to the extent it seeks documents protected by the attorney-client, work product or other applicable privileges. Subject to and without waiver of the foregoing objections, Defendants will produce documents responsive to this request for the period November 8, 2004 to present.

**FIRST SUPPLEMENT**:    Without waiving Defendants' prior objections, Defendants state that several documents produced are responsive to this request including the Employee Assignment Reports (CCS 01389- CCS 02010), Payroll Registers (CCS 02011- CCS 02946), and electronic ACCESS files. Defendants confirm these documents have been produced.

**REQUEST NO. 38**

Documents relating to all studies, analyses, and consultations performed by Defendants, Defendants' agents, Defendants' attorneys or other persons or entities hired by Defendants that concern the exempt or non-exempt status of Plaintiffs under the FLSA or IMWL.

**RESPONSE:**    Defendants object to this request on the grounds that it is duplicative of prior requests, calls for a legal conclusion, and is not limited in scope as to time. Defendants further object to this request to the extent it seeks documents protected by the attorney-client, work product or other applicable privileges. Subject to and

without waiver of the foregoing objections, Defendants have no documents responsive to this request at this time. Investigation continues.

**REQUEST NO. 39**

Documents relating to all studies, analyses, and consultations performed by Defendants, Defendants' agents, Defendants' attorneys or other persons or entities hired by Defendants that concern the application of Section 207(i) of the FLSA or Section 4(a)(2)(F) of the IMWL to Plaintiffs.

**RESPONSE:**     Defendants object to this request on the grounds that it is duplicative of prior requests, calls for a legal conclusion, and is not limited in scope as to time. Defendants further object to this request to the extent it seeks documents protected by the attorney-client, work product or other applicable privileges. Subject to and without waiver of the foregoing objections, Defendants currently have no documents responsive to this request. Investigation continues.

**REQUEST NO. 40**

All correspondence exchanged between Defendants and SEIU Local 1 relating to the exempt or non-exempt status of Plaintiffs and persons employed as window washers.

**RESPONSE:**     Defendants object to this request on the grounds that it is duplicative of prior requests, calls for a legal conclusion, and is not limited in scope as to time.  Subject to and without waiver of the foregoing objections, Defendants will produce responsive documents, if any.

**REQUEST NO. 41**

All collective bargaining agreements between SEIU Local 1 and Defendants.

**RESPONSE:**        Defendants incorporate their response to Request No. 9

herein.

## REQUEST NO. 42

All documents evidencing requests made by Defendants' employees to be paid on a "modified piece rate basis."

**RESPONSE:**        Defendants object to this request on the ground that it is

vague, overly broad, not limited in scope as to time and calls for a legal conclusion.

Subject to and without waiver of the foregoing objections, Defendants will produce

responsive documents, if any, for the period November 8, 2004 to present for Plaintiffs.

**FIRST SUPPLEMENT**:     Without waiving Defendants' prior objections,

Defendants are producing herewith the following documents: "Payroll Instructions",

"Request to be paid on Piece Rate" and "Timesheet."

## REQUEST NO. 43

All documents identified or referred to in Defendants' answers to Plaintiffs' First Set of Interrogatories.

**RESPONSE:**        Defendants will produce all non-privileged responsive

documents.

## REQUEST NO. 44

Any documents used or relied upon in answering any of the accompanying interrogatories being served on Defendants.

**RESPONSE:**        Defendants will produce all non-privileged responsive

documents.

**REQUEST NO. 45**

All documents that support each of Defendants' affirmative defenses.

**RESPONSE:**        Defendants will produce all non-privileged responsive documents. Investigation continues.

**FIRST SUPPLEMENT**:    Without waiving Defendants prior objections, Defendants further object to this request at this time to the extent it seeks information that is not relevant to the commission exemption. Subject to the objections, Defendants state that several documents produced are responsive to the commission exemption including the Employee Assignment Reports (CCS 01389- CCS 02010), Payroll Registers (CCS 02011- CCS 02946) and ACCESS files and weekly "Payroll Worksheets" and "Hours Worked Grid(s)" produced electronically.  Defendants confirm these documents have been produced.

Dated: August 15, 2008

Defendants Corporate Cleaning Services, Inc. and Neal Zucker

/s/ Christina Y. Nelson
Ira M. Levin (ARDC #6192178)
Martin K. LaPointe (#ARDC #6195827)
Christina Y. Nelson (ARDC #6278754)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue – 22nd Floor
Chicago, Illinois 60611
Tel: 312-840-7050
Fax: 312-840-7900

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Corporate Cleaning Services, Inc. and Neal Zucker certifies that she caused a copy of the foregoing to be served on August 15, 2008 by personal service upon:

<u>Counsel for Plaintiffs</u>
Douglas M. Werman
Maureen A. Bantz
77 W. Washington, Suite 1402
Chicago, Illinois 60602

                                        /s/ Christina Y. Nelson
                                        Christina Y. Nelson