# EXHIBIT D

383528.1

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON ALVARADO, JAVIER ALVARADO, RICARDO ALVARADO, JAIME BANUELOS, ARTURO BANUELOS, RUBEN BANUELOS, IGNACIO JAVIAN, JOSE LARIOS, PEDRO CASTRO, ABEL CASTRO, TAURINO GUZMAN, HENRY MARTINEZ, LUCIO POLANCO, SERGIO POLANCO, JUAN POLANCO, FERNANDO CASTRO, HORACIO CASTRO, ERICK RAMIREZ, JOSE VALDEZ, ANTONIO GUZMAN, FRANCISCO GUZMAN, CARLOS BANUELOS, FELIPE BERUMEN, and JOSE GARCIA<br><br>Plaintiffs,<br>v.<br>CORPORATE CLEANING SERVICE, INC., and NEAL ZUCKER, individually,<br><br>Defendants. | No. 07 C 6361<br><br>Judge Robert M. Dow |

**DEFENDANTS' ANSWERS TO PLAINTIFF
HENRY MARTINEZ'S SECOND SET OF INTERROGATORIES**

Defendants Corporate Cleaning Service, Inc. and Neal Zucker, individually, respond to Plaintiff, Henry Martinez's Second Set of Interrogatories, as follows:

**Preliminary Statement**

In responding to the Interrogatories, Defendants have conducted a reasonable search and review of the information available to them. To the extent the Interrogatories, or any portion thereof, seek to require Defendants to take any action other than the aforesaid reasonable investigation, Defendants object to the Interrogatories on the grounds that they are unduly burdensome, oppressive and constitute harassment.

Defendants expressly reserve the right to provide further answers based upon records independent of Defendants' records and from information and/or documents which may come to light in the future.

In responding to the Interrogatories, Defendants have not fully completed their investigation of the facts relating to this case, and have not fully completed their discovery in this action, and have not completed preparation for trial. All of the answers contained herein are based only on the information and documents presently available to Defendants and specifically known to Defendants. It is anticipated that further discovery, independent investigation and

13488\00001\480103.2

analysis will supply additional information. Therefore, the following answers are given without prejudice to Defendants' rights to provide further answers. Defendants further object to each and every request to the extent it seeks information covered by either the attorney work product or attorney client privileges. Defendants hereby submit their answers to Plaintiff's First Set of Interrogatories to Defendants.

**INTERROGATORY NO. 1**

With respect to the compensation paid to Plaintiff Henry Martinez for the pay period between August 5, 2008 and August 11, 2008 and identified on the Earnings statement attached hereto, state the following:

a. Whether Plaintiff Henry Martinez was compensated on an hourly basis or based upon the "points" charged to clients during that work week;

b. The amount of time Plaintiff Henry Martinez worked in that pay period;

c. The number of hours Defendants deducted from the amount of time Plaintiff Henry Martinez worked in that pay period and an explanation for why any such deduction was taken from the amount of time Henry Martinez worked;

d. The number of "assigned hours" or "points" Plaintiff Henry Martinez worked in that pay period;

e. Explain why Henry Martinez is compensated for 8.50 hours of overtime in that pay period;

f. Explain why Henry Martinez is compensated a "bonus1" in the amount of $668.44, including how that "bonus1" compensation was calculated in that pay period.

**ANSWER:**

a. For the pay period between August 5, 2008 and August 11, 2008 Mr. Martinez was compensated based upon the "points" charged to clients for the jobs Mr. Martinez worked on during that week. Specifically, Mr. Martinez earned 91.50 points that week. (See "Points Entered Report-By Name and Payroll Date" and underlying documents, CCS 03273-03281).

b. Mr. Martinez completed Timesheets showing that he worked 49 hours during the pay period between August 5, 2008 and August 11, 2008. Answering further, Defendants state that the Earnings Statement for that week as well as CCS' payroll documents mistakenly listed

Mr. Martinez's reported time worked as 48.5 hours rather than as 49 hours. This was due to an error in adding Martinez's reported time for August 6, 2008 as 10.5 hours rather than as 11 hours. (See "Hours Worked Report – By Payroll Date" and "Timesheets", CCS 03267- 03272).

c.     Defendants object to this interrogatory as vague and confusing. Subject to the foregoing objections, Defendants did not "deduct" any time Plaintiff Henry Martinez worked during the pay period between August 5, 2008 and August 11, 2008. Answering further, Defendants state that all window washers, including Plaintiff Henry Martinez, are instructed to take a thirty minute unpaid break each day. Although the window washers take a daily break, they do not record their break time on their Timesheets. Pursuant to the union contract, window washers are not required to record their break time on the Timesheet. To account for the window washer's unpaid lunch break, CCS subtracts thirty minutes from the total time recorded on each daily Timesheet. This lunch break time is not time "worked" and is not compensated.

d.     Defendants object to this interrogatory as vague and confusing. Subject to the foregoing objections, Defendants state that Mr. Martinez earned 91.5 "points" and recorded 49 hours worked during the pay period between August 5, 2008 and August 11, 2008.

e.     Mr. Martinez's compensation for the pay period between August 5, 2008 and August 11, 2008 was based upon the "points" he earned for the work he performed during that week. Specifically, Mr. Martinez earned 91.50 points, multiplied by his union rate of $17.25 per point, equals $1578.375. His compensation for the week was $1578.38. In response to an investigation by the Illinois Department of Labor, CCS began recording the number of hours actually worked by each window washer each week. Thus, for record keeping purposes, Mr. Martinez's check shows the number of hours he worked and the amount he would have been paid on an hourly basis for those hours. (In this case, Mr. Martinez's Earnings Statement reflects

that he worked 48.5 hours, including 40 hours at $17.25 totaling $690 and 8.5 hours at $25.875 totaling $219.94). However, as described above, Mr. Martinez compensation was based upon the "points" he earned, not upon the hours he worked.

 f. As described in subpart "e" above, Mr. Martinez earned $1578.38 under the points system for the pay period between August 5, 2008 and August 11, 2008. For record keeping purposes, CCS records the amount Mr. Martinez would have been paid under the hourly system (in this case $909.94). That amount is then subtracted from the amount Mr. Martinez actually earned for the week under the points system. The resulting number is listed as "bonus 1" on the Earnings Statement. (In this case, $909.94 is subtracted from $1578.38. The Earnings Statement shows Mr. Martinez's "bonus 1" for the week is $668.44). However, Mr. Martinez's compensation is based upon the "points" he earned, not the amount of the "bonus 1."

Dated: September 10, 2008

            Defendants Corporate Cleaning Services, Inc. and Neal Zucker

            /s/ Christina Y. Nelson
            Ira M. Levin (ARDC #6192178)
            Martin K. LaPointe (#ARDC #6195827)
            Christina Y. Nelson (ARDC #6278754)
            Burke, Warren, MacKay & Serritella, P.C.
            330 North Wabash Avenue – 22nd Floor
            Chicago, Illinois 60611
            Tel: 312-840-7050
            Fax: 312-840-7900

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Corporate Cleaning Services, Inc. and Neal Zucker certifies that she caused a copy of the foregoing Defendants' Answers to Plaintiff Henry Martinez's Second Set of Interrogatories to be served on September 10, 2008 by electronic and U.S. Mail upon:

<u>Counsel for Plaintiffs</u>
Douglas M. Werman
dwerman@flsalaw.com
Maureen A. Bantz
mbantz@flsalaw.com
77 W. Washington, Suite 1402
Chicago, Illinois 60602


/s/ Christina Y. Nelson
Christina Y. Nelson

13488\00001\480103.2        5